IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JULIO CESAR GUTIERREZ-JARAMILLO,

       Petitioner,

v.                                      Civil Action No. 5:16CV172
                                                      (STAMP)

FCI GILMER, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
GRANTING RESPONDENT'S MOTION TO DISMISS OR,
ALTERNATIVELY, FOR SUMMARY JUDGMENT AND
OVERRULING PETITIONER'S OBJECTIONS**

The petitioner, Julio Cesar Gutierrez-Jaramillo ("Gutierrez-Jaramillo"), filed this pro se[1] petition under 28 U.S.C. § 2241 seeking credit for time served in the Republic of Peru prior to his extradition to the United States. The government filed a motion to dismiss or, alternatively, for summary judgment. The magistrate judge entered a report recommending that the government's motion be granted. Gutierrez-Jaramillo then filed timely objections to the report and recommendation. For the following reasons, the magistrate judge's report and recommendation is adopted and affirmed, the government's motion is granted, and the petitioner's objections are overruled.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

I. <u>Facts</u>

In 1998, Gutierrez-Jaramillo was sentenced in the Republic of Peru to an eight-year term of imprisonment, which was later increased to fifteen years, scheduled to end on December 1, 2010. ECF No. 11-1 at 9. During his prison term, the United States sent Peru an extradition request. <u>Id.</u> In 2002, that extradition request was approved and an extradition detainer was entered. <u>Id.</u> On October 4, 2002, a Peruvian court granted partial release, but Gutierrez-Jaramillo remained in custody under the extradition detainer and pending an appeal of the partial release order. <u>Id.</u> at 10. Then, on April 7, 2004, a higher court reversed the partial release order. <u>Id.</u> On December 22, 2009, a Peruvian court again ordered a partial release of Gutierrez-Jaramillo, and he was extradited to the United States the next day. <u>Id.</u> at 10-11.

Gutierrez-Jaramillo plead guilty to one count of conspiracy to import cocaine and one count of aiding and abetting the importation of cocaine. <u>Id.</u> at 21. The United States District Court for the Southern District of Texas sentenced Gutierrez-Jaramillo to a total term of 210 months of imprisonment. <u>Id.</u> at 22. The court granted a three-level downward departure from the applicable United States Sentencing Guideline range, noting the time Gutierrez-Jaramillo served in Peruvian prison, that the extradition request likely delayed Gutierrez-Jaramillo's release from Peruvian prison, and that the BOP would not count it as time served. ECF No. 11-2 at 3.

Gutierrez-Jaramillo's sentence began on February 18, 2011.  ECF No. 11-1 at 21-22.  The BOP awarded credit for time served in pretrial custody from December 23, 2009, the date of his extradition, through February 17, 2011.  ECF No. 11-1 at 4.

Gutierrez-Jaramillo appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit, and it was affirmed.  Gutierrez-Jaramillo then filed a motion under 28 U.S.C. § 2255 challenging the validity of his conviction and sentence, alleging he was provided ineffective assistance of counsel in violation of the Sixth Amendment based on his counsel's failure to get him credit for time served in Peru.  His motion was denied and he did not appeal the judgment.  He then filed a motion under § 2241 alleging his sentence violated an extradition treaty between the United States and the Republic of Colombia.  That matter is currently pending.

Gutierrez-Jaramillo has now filed another motion under § 2241 claiming the BOP failed to give him credit for eighty-seven months served from October 4, 2002[2] to December 23, 2009 in Peru.  He argues that his Peruvian sentence would have ended on October 4, 2002 but for the then pending extradition request of the United States.  The government filed a motion to dismiss or, alternatively, for summary judgment.  The magistrate judge entered

---

[2]Gutierrez-Jaramillo incorrectly uses the date October 2, 2002 in reference to the partial release order granted on October 4, 2002 and later reversed on April 7, 2004.

a report recommending that the motion be granted as a motion for summary judgment. Gutierrez-Jaramillo timely filed objections to the report and recommendation.

II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because Gutierrez-Jaramillo filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not made, those findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

To survive a motion to dismiss under Rule 12(b)(6), "a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not a probability requirement, but asks for more than a sheer possibility that a defendant has acted unlawfully." Hall v.

DirectTV, 846 F.3d 757, 765 (4th Cir. 2017). "[C]ourts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." Id. "[A] [pleading] is to be construed liberally so as to do substantial justice." Id. (internal quotation marks omitted). Further, this Court must liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 2007). However, while the plaintiff's allegations are assumed to be true, Erickson, 551 U.S. at 93, this Court may not ignore a clear failure in the pleading to allege facts that set forth a claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). This Court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, id., or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury

could return a verdict for the non-moving party." Id. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against that party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex, 477 U.S. at 322-23. "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Moreover, "[t]he nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (internal quotation marks omitted). The nonmoving party must

6

produce "more than a 'scintilla'" of evidence "upon which a jury could properly proceed to find a verdict for the party producing it." Id. (internal quotation marks omitted) (quoting Anderson, 477 U.S. at 251).

III. Discussion

Generally, "federal custody commences only when the [non-federal] authorities relinquish the prisoner on satisfaction of the [non-federal] obligation." United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). This is reflected in 18 U.S.C. § 3585(b), which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).

Gutierrez-Jaramillo began serving his Peruvian sentence on February 3, 1998. ECF No. 11-1 at 9. He completed that sentence on December 22, 2009 when a Peruvian court granted his partial release. Id. at 10-11. Although an extradition detainer was lodged on October 4, 2002, id. at 9-10, Gutierrez-Jaramillo remained in the primary custody of Peru until his sentence was

7

completed on December 22, 2009. Thus, Gutierrez-Jaramillo may not receive credit for time served in Peru before December 23, 2009.

In his objections, Gutierrez-Jaramillo argues that but for the extradition detainer he would have been released on parole in Peru in 2002. He argues that a Peruvian court granted his partial release on October 4, 2002, and that he was not released because of the extradition detainer. Thus, he argues he was constructively detained by the United States after October 4, 2002. However, the October 4, 2002 partial release order was reversed by a higher court on April 7, 2004. Accordingly, Gutierrez-Jaramillo's Peruvian sentence did not end on October 4, 2002 and he remained in Peru's primary custody until the partial release order was entered on December 22, 2009. Because all of the time he spent in Peruvian custody from October 4, 2002 through December 22, 2009 was in service of his Peruvian sentence, Gutierrez-Jaramillo may not receive credit for time served against his federal sentence. Accordingly, this Court finds that there is no genuine dispute of a material fact and the government is entitled to judgment as a matter of law.

IV. Conclusion

For the above reasons, the magistrate judge's report and recommendation (ECF No. 19) is ADOPTED AND AFFIRMED. Accordingly, the respondent's motion to dismiss or, alternatively, for summary judgment (ECF No. 10) is GRANTED, and the petitioner's objections

(ECF No. 21) are OVERRULED.  It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 14, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE